IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY CULBERT                                                                                               PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:19-cv-419-DPJ-FKB

PHIL BRYANT, in his individual
capacity                                                                                                    DEFENDANT

## REPORT AND RECOMMENDATION

This cause is before the undersigned on Plaintiff's Motion for Preliminary Injunction [11]. By Order [20] of Court, Defendant Phil Bryant was issued a copy of Plaintiff's motion [11] and supporting memorandum [12] along with a copy of Plaintiff's Complaint [1], Amended Complaint [10], and other documents. Defendant filed an Answer [27] to Plaintiff's Complaint and Amended Complaint and also filed a Motion to Dismiss [37], but did not file a response to Plaintiff's Motion for Preliminary Injunction. The Court observes, however, that the relief sought and arguments made in Plaintiff's Motion for Preliminary Injunction [11], Complaint [1], and Amended Complaint [10] are essentially the same. Therefore, having considered the parties' submissions, the undersigned recommends that Plaintiff's motion [11] be denied without prejudice.

Plaintiff Jimmy Culbert committed the crime of sexual battery on November 16, 1995, and ultimately pled guilty to kidnapping a child under ten years and to sexual battery of a child under fourteen. *See* Sentencing Order [1-1]. On September 10, 1997, Culbert was sentenced to 30 years of imprisonment for sexual battery and 6 years of imprisonment for kidnapping. *Id.* The two sentences run consecutively, and the 30-year sentence was to be served day for day, without parole, under Miss. Code Ann. § 47-5-139. *Id.*; [11] at 2.

1

In its review of a suit filed by Culbert in the Mississippi state court system, the Mississippi Court of Appeals confirmed that because Plaintiff committed the crime of sexual battery after June 30, 1995, Miss. Code Ann. § 47-7-3(1)(g) (Rev. 1995) placed him in a class of offenders ineligible for parole:

> On June 30,1995, a new bill governing the eligibility for parole and earned time went into effect. 1995 Miss. Laws Ch. 596 (S.B.2175). As provided in that bill, Mississippi Code Annotated section 47–7–3(1)(g) (Rev.1995) prevented any person convicted after June 30, 1995, from being eligible for parole. Since Culbert committed the crimes on November 16, 1995, and was convicted for them on September 10, 1997, both dates falling after June 30, 1995, he is not entitled to parole for either conviction.

*Culbert v. Epps*, 120 So. 3d 984, 984-985 (Miss. App. 2012).

Plaintiff claims that the defendant is in violation of the Equal Protection Clause of the United States Constitution by continuing to prohibit parole of prisoners serving time for sex crimes committed on or after August 23, 1994, while at the same time allowing parole of prisoners serving time for sex crimes committed before August 23, 1994.  Essentially, Plaintiff argues that he is a member of a class of prisoners who suffer discriminatory treatment on the basis of **when** their sex crime was committed.

The preliminary injunction requested by Culbert is that male sex offenders convicted of sex crimes committed between August 23, 1994 and July 1, 12014, be permitted to receive 50% off their sex crime sentences under Miss. Code Ann. §§ 47-5-138, 47-5-138.1, 47-5-139, and 47-5-142.  *See* [11] at 11.  This is the same relief sought by Plaintiff in his Complaint and Amended Complaint.[1]

---

[1] Plaintiff also requested the Court to "block (HB 1352) from tak[ing] effect July 1, 2019." [11] at 10. Because Plaintiff filed his motion on July 10, 2019, this brief section of Plaintiff's request for preliminary injunction is moot.

In order to prevail on a motion for preliminary injunction, the movant "must show the following: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to defendant; and (4) that granting the preliminary injunction will not disserve the public interest." *Walker v. Hunt*, Civil Action No. 1:17-cv-27-RHW, 2017 WL 6327577 at *1 (S.D. Miss. Dec. 11, 2017) (quoting *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). "Plaintiff bears the burden of persuasion on all four elements." *Id.* (quoting *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982)). "The movant must prove all four elements and failure to prove any one of them will result in denial of the motion." *Horton v. LeBlanc*, Civil Action No. 6"09-cv-0125, 2009 WL 1606651 at *2 (W.D. La. June 8, 2009) (citing *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985)). "In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Walker*, at *1 (citing *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 2018)).

Plaintiff has failed to carry the burden of persuasion on all four elements. First of all, Plaintiff's motion [11] fails to address the third element of establishing that the threatened injury outweighs the threatened harm to the defendant. The bulk of Plaintiff's motion [11] focuses on the alleged ongoing irreparable harm that occurs as he and similarly situated offenders remain incarcerated without eligibility to receive time off their sentences. However, in light of the fact that this is the same harm alleged in Plaintiff's Amended Complaint for injunctive relief which is now subject to a recently filed and pending Motion to Dismiss [37], the undersigned opines that

3

the status quo of continued incarceration, while arguably irreparable, is a "harm" that begs the question posed by this suit in the first place. Therefore, continued incarceration does not warrant the injunctive relief Plaintiff seeks. *See Horton* at *2 (declining to rule in favor of a motion for preliminary injunction and observing that "plaintiff's separately filed Motion is duplicative and repetitive," and that "Plaintiff cannot evade the orderly disposition of his claims by filing a separate motion for injunctive relief").

Further, the undersigned is not convinced that Plaintiff has shown a substantial likelihood of success on the merits of his Amended Complaint or that the requested injunction will not have an adverse effect on the public interest. Plaintiff's arguments in support of the public interest element are conclusory statements, such as "[t]he public interest is best served when an injunction is issued to protect Equal Protection Rights," and "[t]he public interest is best served when an injunction is issued to protect Eighth Amendment Rights." [11] at 10. These conclusory statements are not sufficient to carry Plaintiff's burden of persuasion on the public interest element.

In conclusion, because Plaintiff has failed to carry the burden of persuasion on all four preliminary injunction factors, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [11] be denied without prejudice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions

accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428 29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 31st day of January, 2020.

                                   /s/ F. Keith Ball  
                                   UNITED STATES MAGISTRATE JUDGE