UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY CULBERT                                                                                               PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:19-CV-419-DPJ-FKB

PHIL BRYANT, IN HIS                                                                                       DEFENDANT
INDIVIDUAL CAPACITY

ORDER

Plaintiff Jimmy Culbert filed this § 1983 case against then-Governor Phil Bryant to challenge several sections of the Mississippi Code that make prisoners convicted of sex offenses ineligible for parole or earned-time credits.[1] Shortly after filing his Complaint, Culbert filed a Motion for Preliminary Injunction, asking the Court to preliminarily enjoin Bryant from "continuing [to] prevent[]" himself and other similarly situated prisoners "from receiving 50% off [their] sex crime sentence." Mot. [11] at 11. United States Magistrate Judge F. Keith Ball entered a Report and Recommendation ("R&R") [45] recommending the Court deny Culbert's motion. Culbert timely filed written Objections [46] to the R&R. For the reasons that follow, the Court adopts the R&R as its opinion; Culbert's Motion for Preliminary Injunction [11] is denied.

I.   Facts and Procedural History

In September 1997, Culbert pleaded guilty in Warren County Circuit Court to kidnapping a child under the age of ten and sexual battery of a child under the age of fourteen. He was sentenced to 30 years' imprisonment on the sexual-battery charge and six years' imprisonment for kidnapping, with the two sentences to run consecutively. The sentencing order specified that the 30-year sentence on the sexual-battery conviction would be served without the possibility of parole. *See* Miss. Code Ann. § 47-7-3(1)(b) ("Any person who shall have been convicted of a

---

[1] On January 14, 2020, Tate Reeves was sworn in as Mississippi's Governor.

sex crime shall not be released on parole . . . ."); Miss. Code Ann. § 47-1-139(1)(d) ("An inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime . . . .").

According to Culbert, Mississippi law, as implemented by Bryant, discriminates against sex offenders "who committed [their] crime[s] on or after August 23, 1994 . . . and prior to July 1, 2014" because sex offenders "who committed [their] crimes prior to August 23, 1994[,] and on or after July 1, 2014 . . . receive[] 50% off of their sentence under [Mississippi Code Annotated sections] 47-5-138, 47-5-139, 47-5-138.1 [and] 47-5-142."[2]  Compl. [1] at 2.

Based on these assertions, Culbert sued Bryant under § 1983 alleging that the former Governor violated the Equal Protection Clause, the Due Process Clause, and the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* Culbert also says he will suffer irreparable harm if he continues to be denied access to earned-time credits and parole, so he seeks a preliminary order enjoining Bryant from continuing to enforce the cited statutes.

II.     Analysis

---

[2] At least as to sex offenders who committed their crimes after July 1, 2014, Culbert is factually incorrect. Section 47-5-139(1)(d) has provided since 1994 that "[a]n inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime." Likewise, since 1994, section 47-7-3(1)(b) has stated that "[a]ny person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67." In 1995, section 47-7-3(1)(g) was added; it essentially outlawed parole for all prisoners "convicted . . . after June 30, 1995." Section 47-7-3(1)(g) was amended in 2014 and now provides,

> [n]o person who, on or after July 1, 2014, is convicted of a crime of violence pursuant to Section 97-3-2, a sex crime or an offense that specifically prohibits parole release, shall be eligible for parole. All other persons convicted of any other offense on or after July 1, 2014, are eligible for parole after they have served one-fourth (1/4) of the sentence or sentences imposed by the trial court.

2

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this relief, Culbert must demonstrate four familiar requirements:

> (1) [a] substantial likelihood of success on the merits; (2) [a] substantial threat that plaintiff will suffer irreparable injury; (3) [that the] injury outweighs any harm the injunction might cause the defendant; and (4) [that the] injunction is in the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). Pertinent here, "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo pendant lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

Judge Ball concluded that Culbert "has failed to carry the burden of persuasion on all four elements." R&R [45] at 3. The Court agrees.[3] Starting with a substantial likelihood of success on the merits, the Court notes that Bryant recently filed a comprehensive Motion to Dismiss. *See* Def.'s Mot. [37]. In it, Bryant argues that Culbert's claims are barred by the *Rooker-Feldman* doctrine and *Heck v. Humphrey*, Culbert lacks standing, Bryant is immune from suit, and Culbert's claims otherwise lack merit. *Id.*; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 452 (1983); *Heck*, 512 U.S. 477 (1994). While Bryant's motion is not yet ripe for decision, it calls Culbert's likelihood of ultimate success into doubt.

On the irreparable-injury prong, it is certainly true that "incarceration of a person in violation of the Constitution is indeed irreparable harm." *Topletz v. Skinner*, No. 4:19-CV-RWS-KPJ, 2020 WL 597344, at *6 (E.D. Tex. Jan. 6, 2020). But Culbert has not yet demonstrated that

---

[3] Culbert does not make specific objections to any of Judge Ball's conclusions, instead using his Objections to reiterate the substance of his argument more generally.

3

his present incarceration does, in fact, violate his constitutional rights. So the Court cannot say there is a substantial threat of irreparable harm from Culbert's continued incarceration under the earned-time and parole restrictions.

Turning to the balance of harms, Judge Ball noted that the relief sought in this motion mirrors the ultimate relief Culbert seeks. Where "a preliminary injunction would give plaintiff all or most of the relief to which plaintiff would be entitled if successful at trial . . . courts have noted that preliminary relief may be excessively burdensome." 11A Fed. Prac. & Proc. Civ. § 2948.2 (3d ed.); *see Horton v. LeBlanc*, No. 6:09-0125, 2009 WL 1606651, at *2 (W.D. La. June 8, 2009) ("[T]he issues which are the subject of this separate Motion are the same issues raised in plaintiff's Complaint and Amended Complaint which will be ultimately decided by this court as the case proceeds. Thus, plaintiff's separately filed Motion is duplicative and repetitive. Plaintiff cannot evade the orderly disposition of his claims by filing a separate motion for injunctive relief.").

Finally, as Judge Ball recognized, Culbert's argument that a preliminary injunction would serve the public interest is based entirely on "conclusory statements" that do not satisfy his burden of persuasion. R&R [45] at 4. Culbert has not met his heavy burden of demonstrating that preliminary injunctive relief is warranted in this case.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Report and Recommendation [45] is adopted as the Court's opinion, and Culbert's Motion for Preliminary Injunction [11] is denied.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE