IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY CULBERT                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO.  3:19cv419-DPJ-FKB

PHIL BRYANT, in his Individual
Capacity                                                                                         DEFENDANT

## REPORT AND RECOMMENDATION

Jimmy Culbert was convicted in state court in 1997 of kidnaping a child under the age of ten and of sexual battery.  He was sentenced to six years on the kidnaping charge and 30 years without parole on the sexual battery charge.  Culbert brings this action pursuant to 42 U.S.C. § 1983 alleging that Phil Bryant, the former governor of Mississippi, violated his constitutional rights by enforcing statutes that result in his ineligibility for parole and earned time allowance.  He seeks both injunctive relief and monetary damages.  Defendant has filed a motion to dismiss [37], to which Culbert has responded.  The undersigned recommends that the motion be granted and this action be dismissed with prejudice.

Culbert's claims concern Mississippi's statutory scheme for parole and earned release.  On August 23,1994, Miss. Code Ann. § 47-5-139 was amended to make all sex offenders ineligible for earned time allowance and, by extension, earned release.  1994 Miss. Laws, 1st Ex. Sess., ch. 25.  The following year, amendments to  Miss. Code Ann. § 47-7-3 made certain offenders, including sex offenders, ineligible for parole if their crimes were committed after June 30, 1995, the effective date of the Act.  1995

Miss. Laws, ch. 596.[1]  According to Culbert, his offenses were committed on November 16, 1995.  Thus, both of these amendments apply to Culbert and render him ineligible for either program.  Additionally, Miss. Code Ann. § 47-5-138.1 makes sex offenders ineligible for participation in the trusty time allowance program.

Since entering MDOC custody, Culbert has participated in several programs for which he would have received earned time allowance or trusty time allowance were it not for his sex offender status.  Initially, the Mississippi Department of Corrections failed to note his ineligibility in his record and erroneously credited him with almost eight years of earned time.  MDOC subsequently realized the error and corrected their records to reflect that Culbert is ineligible for earned release.

Culbert alleges that the statutes rendering him ineligible for parole and earned release violate the Equal Protection clause, the Eighth Amendment, and the Due Process clause.  Defendant has filed a motion to dismiss, making numerous arguments: That, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over this action; that the Eleventh Amendment bars this action;  that Culbert has failed to state a claim; that the action is barred pursuant to the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994); and that Defendant is entitled to qualified

---

[1]The 1995 amendments state that the new scheme applies to inmates who are *sentenced* after the Act's effective date.  However, the Mississippi Supreme Court subsequently held that the statute can be applied only to inmates who committed their crimes after June 30, 1995.  *Puckett v. Abels*, 684 So. 2d 671, 678 (Miss. 1996). Accordingly, the undersigned has in this report and recommendation referenced the date of Culbert's offense, rather than the date of his sentencing.

immunity. The undersigned finds that Culbert has failed to state a claim and that it is unnecessary to address any other issues.[2]

Culbert's equal protection argument is that the statutes unconstitutionally discriminate between inmates based upon the dates of their offenses and between sex offenders and other offenders. This allegation fails to state any cognizable equal protection claim. A classification for purposes of parole or early release based upon the date of the commission of an offense does not implicate any fundamental right or suspect class. Thus, Culbert could prevail only by showing that the government's application of the law changing the parole or early release scheme to only those persons who committed their offenses after the effective date of the amendment is not rationally related to a legitimate governmental interest. Clearly, the government has a legitimate interest in changing the law to increase that portion of a sentence served by a convicted felon, and the decision to apply such a law prospectively only is rationally related to that interest; indeed, the Mississippi Supreme Court has held that applying such a law to inmates who committed their crimes prior to the law's effective date would be unconstitutional. *See Puckett v. Abels,* 684 So. 2d 671, 678 (Miss. 1996).

---

[2] Several of Defendant's arguments touch on issues of who is being sued in this action and in what capacity. Culbert has named as the defendant the former governor, Phil Bryant, in his individual capacity. To the extent that Culbert seeks monetary damages, he has correctly identified his claims as being against Bryant personally, for, as Defendant points out in his brief, an official capacity suit against a state official for damages is barred by the Eleventh Amendment, and the official named in such an action is not a "person" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989). On the other hand, Culbert's claim for injunctive relief must necessarily be interpreted as against the current Governor in his official capacity, as only in that capacity, if at all, could anyone provide prospective relief for Culbert. Official capacity claims against a state official for injunctive relief are not considered to be claims against the state, and therefore they do not violate the Eleventh Amendment and may be brought pursuant to § 1983. *Id.* at 71, n. 10. Thus, the undersigned views Culbert's damages claims as against Defendant individually and his claim for injunctive relief as an official capacity claim against the Governor of Mississippi.

Furthermore, the treatment of sex offenders differently from other offenders raises no equal protection issue: Sex offenders are not a suspect class, and the government has a legitimate interest in treating them differently for purposes of early release. *See Breshears v. Garrett*, 143 F. App'x 570, 572 (5th Cir. 2005).

Neither has Culbert stated an Eighth Amendment claim for cruel and unusual punishment. The mere fact that he will have to serve his entire sentence does not raise a constitutional issue.

Finally, Culbert contends that Defendant's actions constitute a due process violation. While he does not explain the basis of this allegation, the undersigned assumes that he is referring to the state's action in correcting his records to reflect his ineligibility for early release. The due process clause prohibits takings without due process. But Culbert never possessed any liberty interest that was or could be taken. Rather, the state simply made a clerical error by entering earned release credit in his records. The correction of this error did not represent any unconstitutional taking. Neither can Culbert show a due process violation related to his eligibility for parole. In Mississippi, a prisoner has no constitutionally recognized liberty interest in parole. *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987).

For these reasons, the undersigned recommends that Defendant's motion be granted and this action dismissed with prejudice. The undersigned also recommends that Culbert's pending motions to subpoena witnesses [23] and to amend to add new defendants [32] be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of August, 2020.

        s/ F. Keith Ball_____
        United States Magistrate Judge